IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARVIN GERALD PESHLAKAI,

       Plaintiff,

v.                                                                              CIV 15-0505 KBM

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social
Security Administration,

       Defendant.

## ORDER AWARDING ATTORNEY FEES UNDER EAJA

THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (EAJA), with Memorandum in Support (*Doc. 29*) filed on January 26, 2017. Defendant opposes an award of EAJA fees and argues that the Acting Commissioner's position was substantially justified on the appeal. *Doc. 30*. Having reviewed the motion and exhibit, briefs submitted by the parties, and relevant law, the Court finds an award of fees in the amount requested is reasonable in this case.

The Court is required to award fees under EAJA if "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). The parties

---

[1] Effective January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is therefore substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

here disagree on the second factor: whether the position of the Acting Commissioner was "substantially justified." The Tenth Circuit has found that "[t]he test for substantial justification . . . is one of reasonableness in law and fact." *Hackett*, 475 F.3d at 1172 (quoting *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995) (internal citations omitted)). "Thus, the government's position must be 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

The government must establish that its position was substantially justified, both at the appeal and at the underlying administrative proceedings. *Id.* at 1169, 1170 (quotation omitted); *see also Tomlinson v. Colvin*, No. CIV-15-699-STE, 2016 WL 5316740, at *1 (W.D. Okla. Sept. 22, 2016) (citations omitted). "Therefore, fees should generally be awarded where the agency's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Tomlinson*, 2016 WL 5316740, at *1 (quoting *Hackett*, 475 F3d at 1174 (internal quotation omitted)). The Court finds that the government has not met its burden to show that its position was substantially justified at the underlying administrative proceeding.

The Acting Commissioner contends that "the ALJ's denial of disability benefits—and the Commissioner's defense of that denial—was" substantially justified. *Doc. 30* at 4. Specifically, the government argues that the ALJ's analysis of the treating physician's opinion was reasonable. *Doc. 30* at 4–6. As the Court found in its Opinion granting Plaintiff's Motion to Remand, however, the ALJ's opinion was not reasonable in that the ALJ did not sufficiently explain why she assigned the treating physician's opinion little weight. *See Doc. 27* at 14–17. The government's argument in its responsive brief

ignores the Court's finding that the ALJ committed legal error in failing to make her decision sufficiently specific to enable meaningful review. *Doc. 27* at 15. "Of the six enumerated factors" ALJ's are to consider in determining what deference to give a treating physician's opinion, "it is arguable that the ALJ only gave cursory consideration to two[,]" and she failed to adequately address "*any* of the six factors in depth." *Doc. 27* at 15 (citing *Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (internal quotations omitted)). Because the Court found that the ALJ "failed to apply the correct legal standards in assessing Dr. Meade's opinion, where the ALJ failed to provide 'good reasons,' tied to the regulatory factors, for giving the opinion little weight" (*Doc. 27* at 18), it finds that the Acting Commissioner's position was not substantially justified and an award of EAJA fees is reasonable.

**IT IS THEREFORE ORDERED** that attorney fees be, and hereby are, awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), payable to Plaintiff in the amount of $6,268.64. *See Astrue v. Ratliff*, 130 U.S. 2521 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

**IT IS FURTHER ORDERED** that**,** if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent